Carlton A. Fisher, J.
Plaintiffs, domestic corporations, engaged in the retail food business in the villages of Kenmore, East Aurora and Snyder, respectively, are suing the defendants, individually, and as officers of unincorporated labor unions for a permánent injunction restraining certain picketing by the defendants of each of their premises and for money damages.
They move for injunctive relief pendente lite.
It is undisputed that the three plaintiffs are separate, individually owned retail food stores, each of which is a separate entity, but is affiliated with a group of 10 stores all using the name “ Bells ” for co-operative advertising purposes.
There is no strike and it does not appear that any employees of the three plaintiff “ Bells ” stores ever belonged to either of the defendant unions.
On June 3, 1957, picketing started in front of the plaintiff Colonial Super Markets, Inc., store, as well as the Hy-Co Supermarkets, Inc., store. This was followed by similar picketing on June 6, 1957 at Marcaro, Inc., store. This picketing was originally conducted by both defendant unions. At that time the pickets carried signs reading: “ The employees of this store are non-union. This is a non-union store. Please do not patronize. We are members of Teamsters Local 558 and Food Store Employees 34.”
It is further undisputed that prior to June 3, 1957, Retail Clerks Local No. 212 had been taking steps to organize the employees of the plaintiffs.
On June 9 and 10, 1957, it is undisputed that representatives of the Retail Clerks Local No. 212 presented membership cards to the plaintiffs purporting to show that a majority of the employees of each of the three plaintiff stores had signed up with this union, requesting it to represent them in collective bargaining. As a consequence of this information it is further undisputed that the three plaintiffs signed a recognition agreement with Retail Clerks Local No. 212, dated June 11, 1957, by the terms of which the plaintiffs recognized Local No. 212 as the exclusive bargaining agent for all employees employed by each *748 of the plaintiffs, except one store manager per store. In this respect a supporting affidavit of Richard D. Adams, due to a typographical error, which showed June 13, 1957, as the date of the signing of a majority of plaintiffs’ employees, was corrected in open court to the proper date of June 10, 1957.
It is admitted that on June 11, 1957, the plaintiff Colonial Super Markets, Inc. sent to the defendant Thomas Anton, secretary and treasurer of Local No. 34, a telegram stating: “ On this date Colonial Super Markets, Inc. has recognized Local 212, Retail Clerks, for bargaining agent for its employees.”
An identical telegram was sent to Mr. Leo Dean of defendant Local No. 558. Similar telegrams were sent by the other plaintiffs, and received by defendants.
Following receipt of these telegrams, Local No. 34 discontinued its picket line, but Teamsters Local No. 558 continued picketing the premises of all three plaintiffs. On June 21,1957, Local No. 34 again joined in the picketing of the stores of Colonial Super Markets, Inc. and Hy-Co Supermarkets, Inc. Immediately following the receipt of the telegrams the picket signs were changed to read: “To the public: Please respect our picket line. We are endeavoring to organize the employees of this store.”
The supporting affidavits also cite certain instances of interference with customer relations at plaintiffs’ stores.
Plaintiffs contend that the establishment and maintenance of the picket lines in front of the respective places of business are intended solely to coerce each of them through economic pressure to recognize the picketing unions as uncertified collective bargaining agents of the employees and to compel their execution of a union contract to that effect. They further contend that since they have entered into a recognition contract with Retail Clerks Local No. 212, that the picketing of the defendant unions is also for the purpose of inducing a breach of the contract. This comprises the tort of interference with contractual relations. They urge further that having entered into a contract with a bargaining agent representing a majority of all their employees, they should not be made the victims of any jurisdictional fight between the two defendant unions and the Retail Clerks Local No. 212.
That there is a jurisdictional fight appears from the affidavit of defendant Thomas Anton in which he states: “ We believe we are the first unions to attempt to organize these employees and that it was the Retail Clerks who interfered with our activities.”
*749 In this State such picketing, even though peaceful, constitutes an unlawful labor objective which may be enjoined. (Goodwins, Inc. v. Hagedorn, 303 N. Y. 300, 305, motion for reargument denied 303 N. Y. 673; Wood v. O’Grady, 307 N. Y. 532, motion for reargument denied 308 N. Y. 757, 308 N. Y. 859, cert, denied 349 U. S. 939.)
Defendants claim that the picketing involved is purely for the purpose of persuading the employees of the various plaintiffs to become members of their unions and that such picketing is lawful in New York. (Wood v. O’Grady, supra.) The defendants further argue that this kind of picketing involves a labor dispute and is not enjoinable under section 876-a of the Civil Practice Act.
The defendants’ second contention is that this dispute falls within the exclusive jurisdiction of the National Labor Relations Board, and that as a consequence, this court, being a State court, has no jurisdiction to act. (Garner v. Teamsters Union, 346 U. S. 485; Aetna Frgt. Lines v. Clayton, 228 F. 2d 284, cert, denied 351 U. S. 950.)
From the present state of the record, and the undisputed allegations in the affidavits, my conclusion is that the real purpose of these picket lines is to subject the plaintiffs to economic pressure to compel their recognition of the defendant unions as the collective bargaining representatives of their employees, without the knowledge or consent of said employees, and also to induce them to breach their recognition contracts with Retail Clerks Local No. 212 and subsequently to execute similar contracts with defendant unions. This activity is being participated in by all of the defendants. Defendants question the validity of the recognition agreements between plaintiffs and the retail clerks, but for this proceeding such a labor contract must be presumed valid (Matter of Levinsohn Corp. [Cloak etc. Union], 299 N. Y. 454).
Since these objectives clearly are not lawful, the controversies here involved are not labor disputes within the contemplation of section 876-a of the Civil Practice Act. (Goodwins, Inc. v. Hagedorn, supra; Wood v. O’Grady, supra; Opera on Tour v. Weber, 285 N. Y. 348.)
Defendants’ reliance upon National Labor Relations Bd. v. Local 50 (245 F. 2d 542) is misplaced. In that case the evidence failed to show that the purpose of the picketing union was violative of the National Labor Relations Act. Here the undisputed facts clearly demonstrate the unlawful objective of defendants’ activities.
*750 The activities of the defendant unions which are involved here, have not been made unfair labor practices under the Federal statutes. Hence, this court’s jurisdiction has not been preempted. (Labor Management Relations Act [Taft-Hartley Act], U. S. Code, tit. 29, § 151 et seq.) Goodwin’s, Inc. v. Hagedorn, supra; Jaygar Theatre Corp. v. Independent Mach. Operators & Television Employees, Bronx County, April, 1956, 38 L. R. R. M. 2049; Windsor Diner v. Dalles, Queens County, May 16, 1956, 38 L. R. R. M. 2136, affd. 2 A D 2d 759; Trading Port v. Robilotto, 8 Misc 2d 343.)
Defendants urge that Garner v. Teamsters Union (346 U. S. 485), decided later than Goodioins, Inc. v. Hagedorn (supra), removes the jurisdiction of State courts in matters of this kind. However, the Court of Appeals in Wood v. O’Grady (supra) decided after Garner v. Teamsters Union (supra) referred to Goodwins, Inc. v. Hagedorn with approval as still being the law of New York.
Goodwins, Inc. v. Hagedorn (supra) stands for the principle that State courts may enjoin unlawful union activity when such activity is- neither prohibited nor protected by the National Labor Relations Act. Goodwins is still the law in New York, is applicable here, and must be followed.
Plaintiffs have made an undisputed showing of the irreparable damage that is befalling them due to the unlawful acts of the defendants.
Accordingly defendants motions are denied and plaintiffs motions are granted with the proviso that the injunction provisions of the order or orders to be entered hereon terminate on November 1, 1957, unless the plaintiffs file and serve appropriate notes of issue for the October, 1957 Trial Term in Erie County, and move at the opening thereof for a preference, pursuant to subdivision 3 of rule 151 of the Rules of Civil Practice, and unless plaintiffs are ready to proceed to trial at the time fixed by the Justice presiding at such trial term.
Submit orders accordingly.